**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**MARIA JOHNSON,**

***Plaintiff*,**

**v.** **Case No.: 1:26cv135-MW/ZCB**

**KAREN NUNEZ and THE KAREN D. AUER REVOCABLE TRUST,**

***Defendants*.**

_______________________________/

**ORDER GRANTING MOTION TO EXTEND TIME FOR SERVICE**

This Court has considered, without hearing, Plaintiff's motion for extension of time to effectuate service of process on Defendants. ECF No. 6. For the reasons stated below, the motion is **GRANTED**.

Plaintiff filed a complaint on June 2, 2026. ECF No. 1. Thus, Plaintiff is required to serve Defendants with a summons and the complaint by August 31, 2025. *See* Fed. R. Civ. P. 4(m) (granting a ninety-day window to serve the defendants). But as of this date, Plaintiff has been unable to successfully serve Defendants. ECF No. 6 at 1–2.

Plaintiff has been diligent in attempting to serve Defendant Nunez—who is also allegedly the trustee of the Defendant Trust. For example, Plaintiff engaged process servers to serve Defendants at three of Defendant Nunez's known addresses, all of which Plaintiff contends are claimed as homestead properties, but service has

been unsuccessful for more than a dozen attempts. *Id*. Plaintiff has now further investigated and narrowed its attempts to a single address that is also listed as Defendant Nunez's residence on her voter registration and other public records. Plaintiff has hired a new process server to surveil this property and attempt service again. *Id*. at 2.

Rule 4(m) provides that a plaintiff must serve a summons and complaint to all defendants within ninety days after the complaint is filed. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). That ninety-day window, however, may be extended if the plaintiff shows "good cause" for the delay. *Steinberg v. Barclay's Nominees (Branches) Ltd.*, No. 04-60897-CIV, 2008 WL 4500395, at *2 (S.D. Fla. Sept. 30, 2008) ("However, the plaintiff may request an extension of time for service of process on the showing of good cause." (citing Fed. R. Civ. P. 4(m)). "Good cause exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (quoting *Lepone–Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)).

Here, Plaintiff has demonstrated good cause for her delay. Plaintiff diligently engaged a process server shortly after filing her complaint and has attempted to serve

Defendants at their known home addresses without success. Plaintiff is in the process of hiring a new process server to continue efforts at service at the most likely address. Accordingly, Plaintiff's motion, ECF No. 6, is **GRANTED**. Plaintiff shall serve Defendants **on or before September 30, 2026.**

**SO ORDERED on August 28, 2026.**

**s/Mark E. Walker**
**United States District Judge**