**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

MARIA JOHNSON,

Plaintiff,

vs. Case No.: 1-26-cv-00135-MW-ZCB

KAREN NUNEZ, and
THE KAREN D. AUER
REVOCABLE TRUST,

Defendants.
_________________________/

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, KAREN NUNEZ and THE KAREN D. AUER REVOCABLE TRUST, by and through their undersigned attorney, respond to Plaintiff's Complaint for Damages and Demand for Jury Trial (Doc. 1) as follows:

1. Admitted that Plaintiff alleges claims for housing discrimination under the Federal Fair Housing and Florida Fair Housing Acts, but denied that any such discrimination occurred.

2. Denied.

3. Denied.

4. Denied.

5. Admitted that the City of Gainesville Office of Equity and Inclusion conducted an investigation and issued a Notice of Determination of Reasonable

Cause, but denied that the findings accurately reflect the facts or legal conclusions of this matter.

6. Denied that Plaintiff is entitled to the relief requested.

7. Admitted.

8. Admitted.

9. Admitted.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of this allegation; therefore, denied.

11. Admitted.

12. Admitted. However, a trust in Florida lacks capacity to be sued. The trustee holds legal title and is the proper party in her fiduciary capacity.

13. Admitted.

14. Admitted that the real property located at 2649 NW 57th Place, Gainesville, Florida 32653 is owned by Karen D. Auer as Trustee of the Karen D. Auer Revocable Trust; otherwise, denied.

15. Admitted.

16. Admitted that Defendant, KAREN NUNEZ, complied with Florida law regarding the maintenance of license number SL3221138; otherwise, denied.

17. Admitted that the real property located at 2649 NW 57th Place, Gainesville, Florida 32653 is owned by Karen D. Auer as Trustee of the Karen D. Auer Revocable Trust; otherwise, denied.

18. Admitted.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth of this allegation; therefore, denied.

20. Defendants lack sufficient knowledge or information to form a belief as to the truth of this allegation; therefore, denied.

21. Admitted that the subject real property was listed for rent on Zillow on or around June 12, 2024; otherwise, denied.

22. Admitted that the Gainesville Housing Authority received a Request for Tenancy Approval concerning the subject real property, but deny that the characterizations in paragraph 22 or Exhibit B accurately reflect the communications and understandings between the parties.

23. Admitted as to the dates and results of the Housing Quality Standards Inspections; otherwise, denied.

24. Denied. Plaintiff amended her Zillow application at or around the time she viewed the property on June 15, 2024, as evidenced by the fact her move-in date is listed as June 16, 2024 on the Zillow application. Ms. Nunez offered Plaintiff a

paper application at the open house. Plaintiff declined the paper application and stated that "everything was good" on Zillow.

25. Admitted that, on or about June 26, 2024, Plaintiff informed Defendants that her Housing Voucher and HAP Contract prohibited the payment of last month's rent in advance. Notably, this disclosure occurred weeks after discussing the payment of first and last month's rent along with the security deposit. At that same date and time, Plaintiff also informed Defendants that she could not pay the security deposit and had no intention to pay first month's rent until she "was settled in."

26. Defendants lack sufficient knowledge or information to respond to this allegation because the document attached as Exhibit G includes only 3 out of a total of 13 pages of the Housing Assistance Payments Contracts; therefore, denied.

27. Denied.

28. Denied.

29. Admitted as to the email, the contents of which speak for itself, but denied as to all other allegations in this paragraph.

30. Denied.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted that the OEI Investigative Report concluded that each prima facie element of a familial status discrimination complaint was satisfied but denied that this conclusion is supported by the complete factual record or applicable law.

36. Admitted that the Board issued a Notice of Determination of Reasonable Cause but denied that the determination accurately reflects the evidence or law applicable to this matter.

37. Admitted.

**COUNT I**
**FAIR HOUSING ACT VIOLATIONS DUE TO FAMILIAL STATUS**
***42 U.S.C. § 3604(a)***

38. Defendants reassert the responses to paragraphs 1 through 35, above.

39. Denied that Plaintiff is entitled to the relief sought.

40. Admitted that 42 U.S.C. § 3602(k) defines "familial status" as alleged but deny that Defendants violated the Federal Fair Housing Act.

41. Defendants lack sufficient knowledge or information to form a belief as to the truth of this allegation; therefore, denied.

42. Admitted that 42 U.S.C. § 3604(a) prohibits making housing unavailable or denying a dwelling because of familial status but denied that Defendants engaged in any such conduct.

43. Denied.

44. Denied.

45. Admitted that Carter Bauer and Rachael Nelson were the first applicants for the subject rental property after Plaintiff informed Ms. Nunez that she would not pay rent until she "was settled in" at the property and that the property was rented to them; otherwise, denied.

46. Admitted as to Ms. Nunez's licensure only; otherwise, denied.

47. Denied.

48. Denied.

## COUNT II
## FAIR HOUSING ACT VIOLATIONS BECAUSE OF FAMILIAR STATUS IN THE TERMS, CONDITIONS AND PRIVILEGES OF RENTAL
## *42 U.S.C. § 3604(b)*

49. Defendants reassert the responses to paragraphs 1 through 35, above.

50. Denied that Plaintiff is entitled to the relief sought.

51. Admitted that 42 U.S.C. § 3604(b) prohibits discrimination in the terms, conditions, or privileges of rental of a dwelling because of familial status but denied that Defendants violated this provision.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

**COUNT III**
**FLORIDA FAIR HOUSING ACT VIOLATIONS**
**DUE TO FAMILIAL STATUS**
***Fla. Stat. § 760.23(1)***

57. Defendants reassert the responses to paragraphs 1 through 35, above.

58. Denied that Plaintiff is entitled to the relief sought.

59. Admitted that section 760.22(6), Florida Statutes, defines "familial status" as alleged but denied that Defendants violated the Florida Fair Housing Act.

60. Defendants lack sufficient knowledge or information to form a belief as to the truth of this allegation; therefore, denied.

61. Admitted that section 760.23(1), Florida Statutes, prohibits making housing unavailable or denying a dwelling because of familial status but denied that Defendants engaged in any such conduct.

62. Denied.

63. Denied.

64. Admitted that Carter Bauer and Rachael Nelson were the first applicants for the subject rental property after Plaintiff informed Ms. Nunez that she would not pay rent until she "was settled in" at the property and that the property was rented to them; otherwise, denied.

65. Admitted as to Ms. Nunez's licensure only; otherwise, denied.

66. Denied.

67. Denied.

**COUNT IV**
**FLORIDA FAIR HOUSING ACT VIOLATIONS BECAUSE OF FAMILIAL STATUS IN THE TERMS, CONDITIONS AND PRIVILEGES OF RENTAL**
***Fla. Stat. § 760.23(2)***

68. Defendants reassert the responses to paragraphs 1 through 35, above.

69. Denied that Plaintiff is entitled to the relief sought.

70. Admitted that section 760.23(2), Florida Statutes, prohibits discrimination in the terms, conditions, or privileges of rental of a dwelling because of familial status but denied that Defendants violated this provision.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

**ATTORNEYS FEES AND COSTS (ALL COUNTS)**

76. Denied.

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

At all times relevant to this action, Defendants acted in good faith and without any discriminatory intent. Defendants' communications and conduct were motivated

by legitimate business concerns and not by any prohibited discriminatory animus based on familial status.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff cannot establish the requisite causal connection between her protected status and Defendants' decision not to proceed with the rental arrangement. The decision was made based on concerns regarding misrepresentations and contractual compliance, not familial status. The temporal proximity between receipt of the HAP Contract and the decision not to proceed does not establish causation where legitimate, nondiscriminatory reasons existed.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff failed to take reasonable steps to mitigate any alleged damages. Plaintiff was provided with advance notice of Defendants' decision and had opportunity to secure alternative housing. To the extent Plaintiff suffered any damages, such damages were caused or exacerbated by Plaintiff's own failure to mitigate.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants' decision not to proceed with the rental arrangement was based on legitimate, nondiscriminatory reasons, including but not limited to: material discrepancies between Plaintiff’s identity and household composition stated in Plaintiff's initial application and the household composition listed in the HAP

Contract; Plaintiff's misrepresentation that the Zillow application was two years old when she clearly revised it at the time of viewing the subject property; Plaintiff's failure to timely disclose accurate information regarding household size; Plaintiff's failure to timely correct the misunderstanding concerning her household composition; Plaintiff's failure to timely disclose or correct misunderstandings concerning her legal name; Plaintiff's failure to correct material inconsistencies before executing the proposed lease; Plaintiff waiting until the parties met in person on June 26, 2024, to inform she was unable to pay the security deposit before lease commencement; concerns regarding misrepresentations during the application process; Plaintiff's desire to move in to the subject real property and then commence rent payments when she was "settled in"; legitimate concerns about compliance with the terms of the written lease agreement; concerns regarding tenant honesty; deterioration of trust between the parties; and legitimate business concerns. These reasons were unrelated to Plaintiff's familial status and constitute a complete defense to Plaintiff's claims. The sequence of events reflects a transaction that progressed despite Defendants' knowledge that Plaintiff had children and ended only after Defendants encountered cumulative discrepancies, repeated misunderstandings, disagreements over what had been communicated, and the importance of maintaining a workable relationship with tenants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that she suffered actual compensable damages as a direct and proximate result of Defendants' conduct. Any alleged damages are speculative, remote, or not causally related to Defendants' actions.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish the requisite malice, willfulness, reckless indifference, or oppressive conduct necessary to support an award of punitive damages. Defendants' conduct does not rise to the level required under Florida or federal law for punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any injury or damage, such injury or damage was caused in whole or in part by Plaintiff's own conduct, including but not limited to: providing inaccurate information in her initial rental application; failing to timely correct material discrepancies regarding her identity and household composition; and failing to comply with agreed-upon terms related to payment of rent and the security deposit.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff’s Complaint fails to state a cause of action because a trust is not an entity subject to being sued in the State of Florida. The trustee holds legal title to property in a fiduciary capacity and is the proper party in her capacity as a trustee.

The Complaint incorrectly names Karen Nunez in her individual capacity and the trust, neither of which are the proper party in this action.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff fails to join an indispensable party, to wit: Karen Nunez as Trustee of the Karen D. Auer Revocable Trust.

**TENTH AFFIRMATIVE DEFENSE**

To the extent applicable, any recoverable damages must be reduced or barred because Plaintiff's own acts or omissions caused or contributed to the alleged loss, including her failure to ensure that the application and proposed lease accurately stated the intended occupants and her failure to resolve material payment and possession terms before relying on the proposed tenancy.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands because Plaintiff engaged in misrepresentation or omission of material facts during the rental application process and failed to act in good faith in her dealings with Defendants.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendants reserve the right to assert additional affirmative defenses as may become apparent through discovery or as the law may permit, including but not limited to defenses based on newly discovered facts, changes in applicable law, or matters not presently known to Defendants despite reasonable inquiry.

## ATTORNEY'S FEES

Defendants retained the undersigned and agreed to pay a reasonable fee for his services for which Plaintiff is liable should Defendants prevail in this action. *See* 42 U.S.C. § 3613.

WHEREFORE, Defendants respectfully request that this Court:

A. Dismiss Plaintiff's Complaint with prejudice;

B. Enter judgment in favor of Defendants on all counts;

C. Deny Plaintiff all relief requested in the Complaint;

D. Award Defendants their costs and attorney's fees incurred in defending this action; and

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of September 2026.

**HCW Legal**

By: */s/ Jared D. Comstock*
Jared D. Comstock, Esq.
FL Bar No. 95937
1418 N.W. 6th Street
Gainesville, Florida 32601
(352) 374-8566
jared@hcwlegal.com
service@hcwlegal.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 21, 2026, the foregoing document was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notification of such filing to all counsel of record.

*/s/ Jared D. Comstock*
Jared D. Comstock, Esq.